## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

SONIA PEREZ, individually and on behalf of
all others similarly situated,

    *Plaintiff*,

vs.

ZEALTHY, INC.,

    *Defendant*.

_____/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1.    Plaintiff, Sonia Perez ("Plaintiff"), brings this action against Defendant, Zealthy, INC. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Florida Telephone Solicitation Act ("FTSA") Fla. Stat. § 501.059.

## NATURE OF THE ACTION

2.    This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA") Fla. Stat. § 501.059.

3.    This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones in violation of multiple

provisions of TCPA and FTSA, without regard to consumers' consent or privacy rights, even after consumers opt out from Defendant's messages.

4.      Defendant is a healthcare technology company that provides telehealth services and personal healthcare products and services to consumers, based out of Florida.

5.      To promote its goods and services, Defendant engages in aggressive telephonic sales call campaigns to consumers with no regards for consumers' rights under the TCPA and FTSA, even after customers opt out from Defendant's messages.

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in

damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8.    Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant has its principal place of business in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the Middle District of Florida and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the Middle District of Florida.

## **PARTIES**

9.    Plaintiff is a natural person who, at all times relevant to this action, was a resident of Lake County, Illinois.

10.    Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 6787 (the "6787 Number") that received Defendant's text message solicitations.

11.    Defendant is a Florida company whose principal place of business is at 7901 4th St N Ste 300 St. Petersburg, Fl 33702.

12.    Defendant directs, markets, and provides its business activities throughout United States including the State of Florida.

13.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

14.    Beginning at least in May 2025, Defendant sent or caused to be sent multiple unauthorized telemarketing text messages to Plaintiff's 6787 Number, from Defendant's telephone short code (24628), including but not limited to messages sent on May 1, May 2, May 3, May 5, May 6, May 18, May 19, May 21, May 23, May 26, May 27, May 29, June 2, and June 3, 2025, (as shown below).



9:35

157          24628

with STOP.

Thu, May 1 at 7:18 AM

Alert: important update from your care
team!

To reply, head over to your Zealthy
patient portal: https://zealthy.link/exq

To stop receiving text messages, reply
with STOP.

Fri, May 2 at 3:55 PM

Zealthy: We're unable to process your
payment using the card ending in 6933.
To continue care, update your info here:
https://zealthy.link/up

Sat, May 3 at 1:56 PM

You have an important message from
your care team.
Reply in your patient portal: https://
zealthy.link/exq

Reply STOP to cancel txt msgs

Sat, May 3 at 8:31 PM

Achieve your weight loss and health
goals with Zealthy for just $39. Get
treatments delivered straight to your
door.

Get started today: https://zealthy.link/
vnr

---

9:35

157          24628

Mon, May 3 at 6:24 AM

Get treatments for just $70/month with
our 12-month program. Don't miss this
limited-time offer!

Click here to lock in your rate:
zealthy.link/12month

Reply STOP to cancel txt msgs

Mon, May 5 at 9:17 AM

Action required: Please update your
card on file to keep your weight loss
treatment on track.

https://zealthy.link/pmt

Reply STOP to opt-out

Tue, May 6 at 8:18 AM

Zealthy: Action needed—please update
your card on file to avoid service
interruptions.

Update now: https://zealthy.link/pmt

Reply STOP to opt-out

Achieve your weight loss and health
goals with Zealthy for just $39. Get
treatments delivered straight to your
door.



9:36

157    24628

*Sun, May 18 at 4:10 PM*

Your order has shipped, and it'll be arriving soon. We'll keep you updated every step of the way!

Need anything? Our team is here to help. Just reach out at support@getzealthy.com—we've got you covered!

To stop receiving SMS updates, reply with "STOP".

*Mon, May 19 at 11:44 AM*

Share your Zealthy journey with us and unlock exclusive discounts! Join the Zealthy Advocate Program today and start saving. Sign up now!

https://form.jotform.com/240046050673145

*Wed, May 21 at 12:00 PM*

Don't lose access! Update your payment method now to continue your weight loss journey.

https://zealthy.link/pmt

Reply STOP to opt-out

Zealthy: Your payment method needs an update. Avoid interruptions—update your card now: https://zealthy.link/pmt

---

9:36

157    24628

*Wed, May 21 at 11:44 PM*

Get 50% off your next 3 months or your next month free! 🏃 Join the Zealthy Advocate Program and share your journey with us. Sign up now: https://form.jotform.com/240046050673145

*Fri, May 23 at 9:18 AM*

Don't lose access! Update your payment method now to continue your weight loss journey.

https://zealthy.link/pmt

Reply STOP to opt-out

Zealthy: Your payment method needs an update. Avoid interruptions—update your card now: https://zealthy.link/pmt

Reply STOP to opt-out

*Mon, May 26 at 8:42 AM*

Join the Zealthy Advocate Program! Share your journey with us and unlock exclusive perks. Sign up today! 🏃

Sign up now: https://form.jotform.com/240046050673145

*Tue, May 27 at 8:16 AM*

Zealthy: Your payment method needs an update. Avoid interruptions—update...

6



15.    On or about June 12, 2025, Plaintiff responded to Defendant's telephone short code (24628), with the message "Stop" (as shown below), using Defendant's preferred opt out language, in an attempt to opt-out of any further text message communications with Defendant.



16.    Despite Plaintiff's unequivocal opt-out request, Defendant ignored Plaintiff's opt-out request and deliberately continued to bombard Plaintiff with more unwanted telemarketing text messages on June 19, June 22, and July 9,

2025 (including messages sent during prohibited after-hours times[1]), demonstrating a deliberate pattern of knowing and willful TCPA and FTSA violations (as shown above).

17.    As demonstrated by the above screenshots, Defendant sent at least seventeen (17) unauthorized text messages over a three-month period, including: (a) at least four (4) after-hours text messages at 5:21 AM on May 5, 6:47 AM on May 26, 7:01 AM on June 2, and 11:45 PM on June 22; and (b) multiple messages sent after Plaintiff's confirmed opt-out on June 12; demonstrating a persistent daily messaging that aggressively invaded Plaintiff´s privacy with unwanted communications that Plaintiff had expressly rejected, creating a continuous pattern of harassment and intrusion that disrupted Plaintiff´s daily life.

18.    The telemarketing messages Plaintiff received originated from telephone short code (24628), a telephone number owned and/or operated by or on behalf of Defendant.

19.    Defendant´s text messages were transmitted to Plaintiff´s cellular telephone, and within the time frame relevant to this action.

---

[1] 47 C.F.R. § 64.1200(c)(1) specifically prohibits the initiation of any telephone solicitation to "any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

20.    Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in Defendant's property, goods, or services, i.e., Defendant's telehealth services, medical consultations, and healthcare technology solutions.

21.    The information contained in the text message advertises Defendant's various promotions, which Defendant sends to promote its business.

22.    Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violation of the TCPA and FTSA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

23.    Defendants has the capability of immediately complying with Plaintiff's opt-out requests.

24.    As demonstrated by the above screenshots, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's telephone solicitations by telling Defendant not to contact her anymore, but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

25.    Defendant´s refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

26.    Defendant´s refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

27.    Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's "Stop" opt-out instructions.

28.    Defendant´s refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

29.    Defendant´s refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

30.    Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made an opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messagesafter June 12, 2025.

31.    These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

32.    Indeed, Plaintiff's and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

33.    Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

34.    Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

35.    Defendant´s texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

36.    Defendant sent Plaintiff text message solicitations more than 15 (fifteen) days after Plaintiff's first "stop" request.

37.    At no point in time did Plaintiff provide Defendant with her express written consent to be contacted after opting out.

38.    Specifically Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages, particularly after opting out.

39.    Plaintiff has no existing business relationship with Defendant.

40.    To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that extent was expressly revoked on at least June 12, 2025, when Plaintiff responded to Defendant with the message "Stop".

41.    Plaintiff is the subscriber and sole user of the 6787 Number and is financially responsible for phone service to the 6787 Number.

42.    Plaintiff's 6787 Number is her residential telephone number used for personal purposes. Plaintiff's 6787 Number is her primary way of being contacted in her home.

43.    Plaintiff registered her 6787 Number with the national do-not-call registry on October 23, 2004, and has been registered at all times relevant to this action.

44.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered him or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45.    Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members' inbound opt-out requests.

46.    To send the text messages, Defendant used a messaging platform (the "Platform"), which permitted Defendant to transmit blasts of text messages automatically and without any human involvement. The Platform automatically made a series of calls to Plaintiff's and the Class members' stored telephone

numbers with no human involvement after the series of calls were initiated utilizing the Platform. Defendant's use of a generic text message (depicted above) further demonstrates that Defendant utilizes automated dialing systems to mass transmit solicitation texts to consumers.

47.    The Platform has the capacity to select and dial numbers automatically from a list of numbers, which was in fact utilized by Defendant.

48.    The Platform has the capacity to schedule the time and date for future transmission of text messages, which was in fact utilized by Defendant.

49.    The Platform also has an auto-reply function that results in the automatic transmission of text messages.

50.    Defendant was not required to and did not need to utilize the Platform to send messages to Plaintiff and the Class members. Instead, Defendant opted to use the Platform to maximize the reach of its text message advertisements at a nominal cost to Defendant.

51.    Defendant would be able to conduct its business operations without sending automated text messages to consumers.

52.    Defendant would be able to send automated text messages to consumers, and in compliance with the FTSA, by securing the proper consent from consumers prior to sending text messages.

53.    Defendant would be able to send text messages to consumers without consent by utilizing a non-automated text messaging system.

14

54.     Accordingly, it is not impossible for Defendant to comply with the FTSA in the context of transmitting text messages.

55.     The burden and cost to Defendant of securing consent from consumers that complies with the FTSA is nominal.

56.     Compliance with the FTSA will not result in Defendant having to cease its business operations.

57.     Compliance with the FTSA will not result in Defendant having the alter the prices of any goods or services it provides in the marketplace.

58.     Compliance with the FTSA will not force Defendant to seek regulatory approval from the State of Florida before undertaking any type of commercial transaction

59.     On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

60.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

61.     Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff

had to stop what he was doing to either retrieve her phone and/or look down at the phone to review the message.

62.    Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of her time in addressing and attempting to stop Defendant's solicitations. Additionally, the deliberate nature of Defendant's violations, continuing to send messages after express confirmation of removal, caused Plaintiff significant additional time loss and frustration over a period of several months.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

63.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

64.    Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting**

Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

**FTSA "STOP" Class:** All persons in Florida who, since July 1, 2021 through the date of class certification, received one or more text messages, from Defendant, regarding Defendant's goods or services, to said person's cellular telephone number, more than fifteen (15) days after communicating to Defendant that they did not wish to receive text messages by replying to the messages with a "stop" or similar opt-out instruction.

**National Internal Do Not Call Class:** From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls

**After-Hours Violation Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf between the hours of 9:00 PM and 8:00 AM in the recipient's local time zone, in violation of 47 C.F.R. § 64.1200(c)(1).

65.    Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

66.    Also excluded from the Classes are persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant.

<u>**NUMEROSITY**</u>

67.    Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

68.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

<u>**COMMON QUESTIONS OF LAW AND FACT**</u>

69.    There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a.  Whether Defendant initiated telephone solicitations to Plaintiff and the Class members;

b.  Whether Defendant violated 47 C.F.R. § 64.1200(c) by sending text messages to numbers on the Do Not Call Registry;

c.  Whether Defendant violated 47 C.F.R. § 64.1200(d);

d.  Whether Defendant violated Fla. Stat. § 501.059;

e.  Whether Defendant violated 47 C.F.R. § 64.1200(c)(1) by sending text messages during prohibited after-hours times;

f.  Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

g.  Whether Defendant keeps records of text recipients who revoked consent to receive texts;

h.  Whether Defendant's conduct was knowing and willful;

i.  Whether Defendant is liable for damages, and the amount of such damages; and

j.  Whether Defendant should be enjoined from such conduct in the future.

70.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephone solicitations and telemarketing messages to consumers after they had requested to be opted out, during prohibits after hours times, and/or while they were

registered on the DNC Registry and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

71.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

72.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

73.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the

Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

74.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

75.     Plaintiff repeats and realleges the paragraphs 1 through 74 of this Complaint and incorporates them by reference herein.

76.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

77.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[2]

78.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

79.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

80.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

wish to receive telephone solicitations that is maintained by the federal government.

81.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

82.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**VIOLATION OF FLA. STAT. § 501.059(5)**
**(On Behalf of Plaintiff and the FTSA "STOP" Class)**

83.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 74 as if fully set forth herein.

84.    In pertinent part, the FTSA provides:

A telephone solicitor or other person may not initiate an outbound telephone call, text message, or voicemail transmission to a

consumer, business, or donor or potential donor who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission:

   (a)   Made by or on behalf of the seller whose goods or services are being offered; or

   (b)   Made on behalf of a charitable organization for which a charitable contribution is being solicited.

Fla. Stat. § 501.059(5).

85.    "'Telephone solicitor' means a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, doing business in this state, who makes or causes to be made a telephonic sales call, including, but not limited to, calls made by use of automated dialing or recorded message devices." Fla. Stat. § 501.059(1)(i).

86.    Defendant is a telephone solicitor as defined under the FTSA.

87.    Plaintiff and the Class Members are consumers who received one or more text messages regarding Defendant's goods and services after they communicated to Defendant that they did not wish to receive Defendant's text messages.

88.    Plaintiff and the Class members made requests to Defendant not to receive texts from Defendant.

89.    Defendant continued to text message Plaintiff and the Class Members to harass them into making purchases from Defendant.

90.    Defendant failed to honor Plaintiff's and the Class members' opt-out requests.

91.    As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

92.    Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## COUNT III
## <u>VIOLATION OF 47 U.S.C. § 227(c)(2)</u>
### (Individually and on behalf of the National Internal Do Not Call Class)

93.    Plaintiff re-alleges and incorporates paragraphs 1 through 74 as if fully set forth herein.

94.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

95.    Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 .F.R. § 64.1200(d)(3), (6).

96.    Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or

telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

.F.R. § 64.1200(e).

97.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

98.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

99.     Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

100.    Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

101.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

102.   As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

103.   Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

104.   Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT IV**
**<u>VIOLATION OF 47 U.S.C. § 227(c)(1)</u>**
**(Individually and on behalf of Plaintiff and the After-Hours Violation Class)**

105.   Plaintiff re-alleges and incorporates paragraphs 1 through 74 as if fully set forth herein.

106.   47 C.F.R. § 64.1200(c)(1) provides that "[n]o person or entity shall initiate any telephone solicitation to: (1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

107.   47 C.F.R. § 64.1200(e) provides the rules set forth in 47 C.F.R. § 64.1200(c) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making

telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

108.   Any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

109.   Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating, or causing to be initiated, telephone solicitations to Plaintiff and the After-Hours Violation Class members during prohibited after-hours times.

110.   Defendant violated 47 U.S.C. § 227(c) because Plaintiff and the After-Hours Violation Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(1), as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the After-Hours Violation Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200(c)(1).

111.   To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount

of statutory damages recoverable by the members of the After-Hours Violation Class.

### COUNT V
### Knowing and/or Willful Violations of the TCPA
### (On Behalf of Plaintiff and the Classes)

112.    Plaintiff re-allege and incorporates paragraphs 1-74 as if fully set forth herein.

113.    At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA and FTSA.

114.    Defendant knew that it did not have prior express consent to transmit telemarketing text messages and knew or should have known that its conduct was a violation of the TCPA and FTSA.

115.    Defendant knew or should have known that Plaintiff´s number was on the National Do Not Call Registry and that sending text messages to such numbers violated federal regulations.

116.    Defendant knew or should have known that sending text messages during prohibited after-hours times (before 8:00 AM and after 9:00 PM) violated 47 C.F.R. § 64.1200(c)(1).

117.    Defendant knew or should have known that continuing to send telemarketing text messages more than fifteen (15) days after receiving Plaintiff's "Stop" request violated Fla. Stat. § 501.059(5).

118. Defendant knew or should have known that continuing to send telemarketing text messages after receiving the request from Plaintiff not to receive telemarketing messages violated 47 C.F.R. § 64.1200(d) and related TCPA provisions requiring entities to maintain internal do-not-call procedures.

119. Because Defendant knew or should have known that Plaintiffs and Class Members had not given prior express consent to receive its telemarketing text messages and that their numbers were on the National Do Not Call Registry, that messages were being sent during prohibited after-hours times, that messages were being sent more than fifteen days after Plaintiff's "Stop" request in violation of the FTSA, and that multiple opt-out requests were being ignored, the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA and § 227(c)(5) of the TCPA and award statutory damages pursuant to Fla. Stat. § 501.059(10)(a).

120. As a result of Defendant's violations, Plaintiffs and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5) and $1,500.00 in statutory damages for each FTSA violation pursuant to Fla. Stat. § 501.059(10)(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059;

c. An injunction prohibiting Defendant from sending text messages during prohibited after-hours times in violation of 47 C.F.R. § 64.1200(c)(1).

d. An injunction requiring Defendant to implement and maintain proper internal do-not-call procedures in compliance with 47 C.F.R. § 64.1200(d);

e. An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Classes;

f. An injunction requiring Defendant to cease all text message solicitations more than fifteen (15) days after receiving opt-out requests in violation of Fla. Stat. § 501.059(5)

g.  An award of actual and statutory damages for Plaintiff and each

member of the Classes;

h.  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the text messages as alleged herein.

Dated: August 26, 2025

Respectfully Submitted,

**Shamis & Gentile, P.A.**
*/s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.
ashamis@shamisgentile.com
Florida Bar No. 101754
Christopher E. Berman, Esq.
cberman@shamisgentile.com
Florida Bar No. 1010654
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW P.A.**
*/s/ Scott Edelsberg*
Scott Edelsberg, Esq.

Florida Bar No. 0100537
20900 NE 30th Ave., Suite 417
Aventura, Florida 33180
Telephone: 305-975-3320
Email: scott@edelsberglaw.com

*Counsel for Plaintiff and the Classes.*